UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FACTOR KING, LLC**                                              CIVIL ACTION

**VERSUS**

**BLOCK BUILDERS, LLC**                                      No. 14-587-BAJ-RLB

RULING AND ORDER

Before the Court are a **Motion to Dismiss Defendant/Counterclaimant Block Builders, LLC's Counterclaim (Doc. 40)** and a **Motion to Dismiss for Failure to State a Claim of Defendant/Counterclaimant Vintala Perkins Road Owner, LLC's Counterclaim (Doc. 41)** filed by Plaintiff-Counter Defendant Factor King, LLC ("Factor King"). Factor King seeks dismissal of both Block Builders, LLC's ("Block Builders") and Vintala Perkins Road Owner, LLC's ("Vintala Perkins," collectively "Defendants") counterclaims against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In the alternative, Factor King seeks an order for each Defendant-Counterclaimant to provide a more definite statement pursuant to Rule 12(e). (Doc. 40 at p. 1; Doc. 41 at p. 1). Neither Defendant-Counterclaimant has opposed either motion. Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons stated below, Factor King's alternative motions for a more definite statement regarding the counterclaims filed against it by Block Builders and Vintala Perkins are **GRANTED**.

1

I.  BACKGROUND

   A.  **Factor King's Allegations**

In its Amended Complaint, Plaintiff-Counter Defendant Factor King sets forth allegation of breach of contract, detrimental reliance, wrongful payment,[1] and nonpayment of an open account[2] against Defendant-Counterclaimant Block Builders. (Doc. 34). Factor King also claims a lien foreclosure against Defendant-Counterclaimant Vintala Perkins. (*Id.*).

Factor King alleges that in June 2013, Block Builders entered into an agreement with non-party BMP Construction ("BMP") to provide labor and material in connection with a construction project ("the Project") to be completed on real property owned by Vintala Perkins. (*Id.* at ¶¶ 7, 8). Factor King further claims that in August 2013, it entered into an agreement with BMP under which BMP sold and assigned to Factor King certain of BMP's accounts receivables, including the receivables generated for work performed by BMP for Block Builders on the Project. (*Id.* at ¶¶ 9, 10). As part of the agreement between BMP and Factor King, BMP assigned to Factor King the right to collect on any included account and to file mechanics' liens. (*Id.* at ¶ 10).

Factor King asserts that BMP notified Block Builders of the sale and assignment of BMP's receivables to Factor King by letter on December 20, 2013. (*Id.* at ¶ 11). Factor King further attests that it followed BMP's notification with a

---

[1] Factor King alleges that Block Builders' conduct violates Louisiana Revised Statute § 10:9-406. (Doc. 34 ¶¶ 30–38).

[2] Factor King maintains that Block Builders' conduct violates Louisiana Revised Statute § 9:2781. (Doc. 34 ¶¶ 39–43).

2

letter to Block Builders on December 24, 2013 that informed Block Builders of the sale and assignment of BMP's receivables, and directed Block Builders to pay Factor King all amounts due on outstanding and future receivables. (*Id.* at ¶ 12). Factor King maintains that Jason Keller, Block Builders' Managing Member, executed and returned BMP's letter on January 2, 2014; it also contends that Block Builders received Factor King's letter on January 6, 2014. (*Id.* at ¶¶ 13, 14).

Factor King contends that BMP completed its work for Block Builders on the Project on or about February 6, 2014, and generated and invoice in the amount of $215,077.82. (*Id.* at ¶ 15). Factor King avers that this amount due was among the receivables sold and assigned to it by BMP. (*Id.* at ¶ 16). Factor King further avers that it entered into a contract with Block Builders on or about February 7, 2014 under which Block Builders agreed to pay Factor King the invoice amount "without recoupment, setoff, defense or counterclaim," but that Block Builders has failed to do so, despite Factor King's demand. (*Id.* at ¶¶ 19, 21). Factor King also alleges that Block Builders improperly paid several other vendors and failed to pay Factor King the balance due on an open account that BMP had assigned to Factor King. (*Id.* ¶¶ 30–43). Factor King additionally maintains that, pursuant to a provision in its agreement with BMP that allowed it to file liens on BMP's behalf, it filed a lien against Vintala Perkins on January 16, 2015 that Vintala Perkins has refused to pay. (*Id.* at ¶¶ 45–49).

As relief, Factor King seeks from Block Builders all monies it is purportedly due under its February 7, 2014 contract with Block Builders, or damages suffered

from its detrimental reliance on this contract, and pre-judgment interest and costs. (*Id.*). Similarly, Factor King seeks a judgment adjudicating its lien against Vintala Perkins' real property; judicial sale of the property to reimburse Factor King for the money it is purportedly owed; and costs, attorney's fees, and interest. (*Id.* at p. 8).

### B. Block Builders' and Vintala Perkins' Answers and Counterclaims

In its Answer,[3] Block Builders admits that it received the December 20, 2013 and December 24, 2013 letters from BMP and Factor King, and that Keller "acknowledged receipt" of BMP's letter, but "denies the legal efficacy of same and denies any liability whatsoever to Factor [King]." (Doc. 22 at ¶¶ 11–14; Doc. 23 at ¶¶ 11–14). Block Builders also argues that BMP's "purported assignment of receivables to Factor [King]" is "null and void" because the June 2013 subcontract between Block Builders and BMP prohibits BMP's assignment of rights without Block Builders' prior written consent. (Doc. 22 at ¶ 51; Doc. 23 at ¶ 51). Block Builders further maintains that Louisiana statutes render the BMP-Factor King agreement null and void insofar as it "purports to relieve Block [Builders] and/or BMP and/or Factor [King] of such payment obligations or otherwise contravenes the said rules of public order . . . ." (Doc. 22 at ¶ 52; Doc. 23 at ¶ 52). Additionally,

---

[3] On February 6, 2015, Factor King filed a Motion for Leave to File Amended Complaint and Add Defendant with a copy of its proposed pleading. (Docs. 21, 21-1). The motion was referred to the Magistrate Judge on the same day, but was not granted, and the Amended Complaint actually filed by the Clerk of Court, until February 23, 2015. (Docs. 33, 34). Block Builders filed two, apparently identical, documents, both styled "Answer to Amended Complaint, Counterclaim, and Third Party Demand" on February 13, 2015. (Docs. 22, 23). Block Builders did not refile these documents after the Amended Complaint was officially added to the record on February 23, 2015. However, in an effort to be as fair and accurate as possible, the Court will consider Block Builders' two responses and cite all necessary information to each document, separately.

4

Block Builders avers that Louisiana law entitles it to set off against any judgment in Factor King's favor any monies that Block Builders paid BMP's material suppliers. (Doc. 22 at ¶ 53; Doc. 23 at ¶ 53). Lastly, Block Builders has filed a counterclaim against Factor King alleging that Factor King's lien against it was improperly filed. (Doc. 22 at ¶¶ 54–56; Doc. 23 at ¶¶ 54–56). As relief, Block Builders seeks reimbursement for all damages, including reasonable attorney's fees, it incurred in connection with Factor King's filing of and refusal to cancel the purportedly improper lien. (Doc. 22 at p. 16; Doc. 23 at p. 16).

In its Answer, Vintala Perkins either denies, or states that it lacks sufficient information to either admit or deny, Factor King's substantive allegations. (Doc. 39). Vintala Pekins also filed a counterclaim identical to that of Block Builders that challenges the propriety of Factor King's lien against it. (*Id.* at ¶¶ 51–53). Vintala Perkins seeks reimbursement for all damages, including reasonable attorney's fees, it suffered in connection with Factor King's filing of and refusal to cancel the purportedly improper lien. (*Id.* at p. 10).

### C. Procedural History

Factor King filed its original Complaint against Block Builders on September 16, 2014 (Doc. 1), and its Amended Complaint against Block Builders and Vintala Perkins on February 23, 2015 (Doc. 34). Block Builders filed its Answers to Amended Complaint, Counterclaim, and Third Party Demand[4] on February 13,

---

[4] Block Builders added eight third-party defendants to this action in its Answers. (Doc. 22 at ¶¶ 57–67; Doc. 23 at ¶¶ 57–67). None of the third-party defendants are a party to the instant motions.

5

2015.[5] Vintala Perkins filed its Answer to Amended Complaint and First Counterclaim on February 26, 2015. (Doc. 39). Factor King filed the instant motions seeking to dismiss Block Builders' counterclaims against it on February 27, 2015 (Doc. 40), and Vintala Perkins counterclaims against it on March 12, 2015 (Doc. 41).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. The complaint must inform the defendant of the factual basis for the action to avoid dismissal. *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, ___,

---

[5] *See supra*, note 3.

135 S. Ct. 346, 347 (2014) ("Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.").

However, "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e) F.R.C.P." *In re McWilliams*, No. 93-2920, 1994 WL 199161, at *2 (5th Cir. 1994) (quoting *Sisk v. Tex. Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. Unit A May 1981)). Rule 12(e) allows a party to move for "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) (explaining that it is appropriate to employ a Rule 12(e) motion when "the pleading [is] sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed" so that the pleading is sufficient to survive a Rule 12(b)(6) motion, but is also "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself."). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The Supreme Court has noted,

7

however, that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

III. ANALYSIS

A.   Defendants' Counterclaims and Factor King's 12(b)(6) Motion

The Court must first decide whether Block Builders and Vintala Perkins properly stated a cause of action under Louisiana Revised Statute § 9:4833. In its motions, Factor King sets forth essentially the same arguments against both Vintala Perkins and Block Builders. Factor King avers that neither Defendant-Counterclaimant properly alleged in its counterclaim that it had followed the procedures required by Louisiana statute so that the liens Factor King filed against them could be determined to be "improvidently filed." (Doc. 22 at ¶ 56; Doc. 23 at ¶ 56; Doc. 39 at ¶ 53). Louisiana law provides that "an owner or other interested person may require the person who has filed [the lien] ... to cancel the statement of claim" if the lien has been improperly filed. La. Rev. Stat. § 9:4833(A); *Pipes v. Dyna Ten Corp.*, 389 F.3d 488, 490 (5th Cir. 2004). To do so, the person requesting the cancellation of the lien must issue "a written request for cancellation in the manner provided by law directing the recorder of mortgages" to cancel the lien. La. Rev. Stat. § 9:4833(A). A lienholder who, "without reasonable cause," refuses to cancel the lien within ten days of receiving the request "shall be liable for damages

8

suffered by the owner or person requesting the [cancellation]." La. Rev. Stat. § 9:4833(A), (B); *Pipes*, 839 F.3d at 488.

Block Builders and Vintala Perkins filed their counterclaims on February 13, 2015 (Docs. 22, 23) and February 26, 2015 (Doc. 39), respectively. Each Defendant-Counterclaimant alleges that Factor King improperly filed a lien against it on or about January 16, 2015. (Doc. 22 at ¶¶ 54–56; Doc. 23 at ¶¶ 54–56; Doc. 39 at ¶¶ 51–53). However, no additional information is provided. Defendants' counterclaims do not provide any information regarding (1) why Factor King's filing of the lien was allegedly improper, (2) any written request either Defendant-Counterclaimant may have sent directing cancellation of the lien, (3) whether, at the time Defendants filed their counterclaims, ten days had elapsed, by the end of which Factor King had not cancelled the allegedly improper liens, (4) why Factor King's proclaimed failure to timely cancel the liens was unreasonable, or (5) what damages each Defendant-Counterclaimant claims to have incurred as a result of the allegedly improper lien. Although the Court can "make out one or more potentially viable legal theories on which the [Defendants] might proceed" with their counterclaims, Defendants support the plausible legal theory only with conclusory statements that do not provide Factor King sufficient notice of the conduct against which it must defend.

### B. Defendants' Counterclaims and Rule 9

The second issue the Court must determine is whether Defendants' counterclaims must meet the heightened pleading requirements of Rule 9. A

9

defendant is only liable for damages for a wrongful lien recordation if the recordation was made in bad faith or with malice. *E.g., Dickson v. Moran*, 344 So.2d 102, 105 (La. Ct. App. 1977). Under Rule 9, a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As Factor King noted, "the term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Coker v. Morris*, 37,688, p. 6 (La. App. 2 Cir. 9/24/03); 855 So.2d 916, 920 (citing *Bond v. Broadway,* 607 So.2d 865 (La. Ct. App. 1992), *writ denied,* 612 So.2d 88 (La. 1993)).

Factor King cites no authority for its contention that "[t]he requirement upon [Defendant] to make a showing of bad faith in order to recover further heightens the pleading requirements, taking them into the ambit of Rule 9 of the Federal Rules of Civil Procedure." (Doc. 40-1 at p. 9; Doc. 41-1 at p. 10). However, Defendants' counterclaims, as filed, are not touched by either prong of Rule 9(b). First, neither Defendant makes any averment of fraud or mistake so that the counterclaim would be subject to the heightened pleading requirements under the first clause of Rule 9(b). Second, the plain language of Rule 9(b)'s second clause states that a "condition of a person's mind," such as bad faith or malice, "may be alleged generally." As currently pleaded, Defendants' counterclaims are not subject to the heightened pleading requirements of Rule 9(b).

Accordingly,

**IT IS ORDERED** that Plaintiff-Counter Defendant Factor King's alternative motion for a more definite statement regarding the counterclaim filed against it by Block Builders, pursuant to Federal Rule of Civil Procedure 12(e), **(Doc. 40)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant-Counterclaimant Block Builders shall amend its Answer to Amended Complaint, Counterclaim and Third-Party Demand (Docs. 22, 23) within twenty-one (21) days from the date of this order to more specifically allege how Plaintiff-Counter Defendant Factor King has improperly filed its lien against Block Builders.

**IT IS FURTHER ORDERED** that Plaintiff-Counter Defendant Factor King's motion to dismiss Defendant-Counterclaimant Block Builders' counterclaim against it (Docs. 22, 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff-Counter Defendant Factor King's alternative motion for a more definite statement regarding the counterclaim filed against it by Vintala Perkins, pursuant to Federal Rule of Civil Procedure 12(e), **(Doc. 41)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant-Counterclaimant Vintala Perkins shall amend its Answer to Amended Complaint and Counterclaim (Doc. 39) within twenty-one (21) days from the date of this order to more specifically allege how Plaintiff-Counter Defendant Factor King has improperly filed its lien against Vintala Perkins.

**IT IS FURTHER ORDERED** that Plaintiff-Counter Defendant Factor King's motion to dismiss Defendant-Counterclaimant Vintala Perkins' counterclaim against it (Doc. 39) is **DENIED.**

Baton Rouge, Louisiana, this 27th day of May, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**