UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FACTOR KING, LLC     CIVIL ACTION

VERSUS

BLOCK BUILDERS, LLC, ET AL.     NO.:14-00587-BAJ-RLB

RULING AND ORDER

On January 29, 2016, the Court issued an Order (Doc. 67) directing Third-Party Plaintiff, Block Builders, LLC ("Builders"), to show cause, in writing, why its third-party demand should not be dismissed for failure to serve Third-Party Defendants Dolese Bros. Co. ("Dolese"), Commercial Metals Company ("CMC"), C.A.S. Co., Inc. ("CASCO"), Garcia's Concrete Contractors ("Garcia's"), Tech-Con Systems ("Tech-Con"), James A. Teague Rental Equipment ("Teague"), United Rentals ("United"), and BMP Construction, LLC ("BMP"). On February 12, 2016, Builders timely filed a response to the Court's Show Cause Order. For the reasons discussed herein, the Court finds that Builders has not demonstrated good cause for failing to serve the Third-Party Defendants, and consequently, its third-party demand is **DISMISSED WITHOUT PREJUDICE**. Additionally, Builders' **Motion for Twenty Additional Days to Effect Service of Third Party Demands (Doc. 78)** is **DENIED**.

I. BACKGROUND

On February 13, 2015, Builders filed an Amended Answer (Docs. 22, 23) to Plaintiff Factor King LLC's Complaint (Doc. 1). The Amended Answer included a

third-party demand seeking recoupment in the event Builders is found liable to the Plaintiff on the underlying claims. (*See* Doc. 23 at pp. 12-15).

Summonses were issued to Builders on February 20, 2015, (Doc. 31), and February 24, 2015, (Doc. 37). According to Builders' counsel, a copy of the summons and the third-party demand were sent through Federal Express to each of the registered agents for the Third-Party Defendants. (Doc. 71 at p. 3). "Shipment Information Reports" were provided to the Court for shipments delivered on March 30, 2015, to six of the eight Third-Party Defendants: CASCO, CMC, Dolese, Garcia's, Teague, and Tech-Con. (Doc. 71-1).

Builders represents that it was unable to serve BMP because "no one would answer at the address listed as the addressed [sic] for BMP's registered agent for service of process." (Doc. 71 at p. 4). Builders makes no representation as to its failure to serve United.

## II.   LAW AND ANALYSIS

Rule 4(m)[1] of the Federal Rules of Civil Procedure Rule ("Rule") provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] After December 1, 2015, the revisions to the Federal Rules of Civil Procedure went into effect. Rule 4(m) now requires 90 days to serve a complaint. However, at the time the third-party demand was filed, the Rules required 120 days.

Proper service of process is a mandatory prerequisite to file a suit in federal court. Fed. R. Civ. P. 4(c)(1). To properly serve a corporation or business association in the United States, a plaintiff may follow one of two options. The first option is serving the defendant under Louisiana law, which requires personal service on any one of the corporation's agents for service of process. *See* La. Code Civ. Proc. Ann. arts. 1261(A), 1266(A), 1232. The second option is to deliver a copy of the summons and the complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1). Service may also be effectuated by requesting a waiver of service. Fed. R. Civ. P. 4(d)(1).

In this case, Builders has not properly served any of the Third-Party Defendants and it has not demonstrated good cause for its failure to do so. Builders contends that through Federal Express it shipped copies of the summons and third-party demand to six of the eight Third-Party Defendants. However, the Federal Express shipment does not comply with the personal service requirements under Louisiana law or Rule 4(h)(1)[2], which do not permit service by mail.[3] *Bass v. Aeneas*

---

[2] Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail. *See Wesenberg v. New Orleans Airport Motel Associates TRS, LLC*, No. CIV.A. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015).

[3] Even if, assuming *arguendo*, the Court accepted the Federal Express shipment as personal service, Builders still would have only properly served the registered agent for CASCO and not the other five Third-Party Defendants. Builders did not serve the registered agent for CMC and Dolese, which is CT Corporation, located at 3867 Plaza Tower, Baton Rouge, LA. Rather, Builders served CMC through L. Johnson at 1235 Centerpoint Drive, Baton Rouge, LA, and served Dolese through C. Cailouet at 5616 Corporate Blvd, Baton Rouge, LA. Builders also did not serve the registered agents for Teague, which are Ben and Robin Giole at 8195 Plank Rd, Baton Rouge, LA, but served C. Cailouet at 5616 Corporate Blvd, Baton Rouge, LA. Builders correctly mailed the third-party demand to the registered agents for Garcia's and Tech-Con, but the shipment was not signed by the registered agents. *See Dobbins v. Kroger Co.*, No. 3:08–CV–1206–N, 2009 WL 2776665, at *1 (N.D.Tex. Aug. 31, 2009) (finding that the defendant was not properly served because "[p]laintiff has made no showing that the receptionist . . . was a registered agent for service of process or that she was otherwise authorized to accept service on

*Williams Dealership*, No. CIV.A. 05-1715, 2006 WL 2038021, at *1 (W.D. La. May 31, 2006) (finding that serving a registered agent by certified mail was ineffective because it did not did not comply with the personal service requirements of Louisiana law or Rule 4(h)(1)); *Pellerin-Mayfield v. Goodwill Indus.*, No. CIV.A. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003) (same); *see also Ilaw v. Dep't of Justice*, 309 F.R.D. 101, 104 (D.D.C. 2015) (explaining that service via Federal Express was service by mail and, thus, insufficient); *Seldon v. Home Loan Servs., Inc.*, No. CIV. A. 07CV4480, 2009 WL 188015, at *2 (E.D. Pa. Jan. 26, 2009) ("Under Rule 4(h), which outlines the methods of service upon a corporation, delivery by Federal Express does not constitute proper service."). Additionally, Builders did not obtain a waiver of service for any of the Third-Party Defendants.

Under these circumstances, the Court may extend the time for service, but only upon good cause shown. "In order to establish good cause for failing to serve the defendant properly within 120 days, a plaintiff must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 693 (5th Cir. 2008).

Builders does not provide any rationale for its failure to properly serve the six Third-Party Defendants it contends were served. Builders also does not address its

---

behalf of [defendant]"). Garcia's registered agent is Santos Garcia, but R. Garcia signed for the package. Likewise, Tech-Con's registered agent is Don W. Wolsefer, but P. Parker signed for the package.

failure to serve United or its failure to properly serve BMP after Federal Express was unable to deliver the shipment. And when the entire record is considered, the Court finds it peculiar that Builders took no action after the Third-Party Defendants never appeared in this case. Based on its belief that service was proper, Builders should have prosecuted its third-party demand by seeking a default judgment when the parties failed to appear. Lastly, Builders never attempted to remedy service until the Court issued an Order to Show Cause. Therefore, the Court must conclude that good cause does not exist; and, thus, Builders' request for a twenty-day extension to serve the Third-Party Defendants is denied.

### III. CONCLUSION

For the reasons assigned,

**IT IS ORDERED** that Block Builders, LLC's third-party demand against Dolese Bros. Co., Commercial Metals Company, C.A.S. Co., Inc., Garcia's Concrete Contractors, Tech-Con Systems, James A. Teague Rental Equipment, United Rentals, and BMP Construction, LLC is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Builders' **Motion for Twenty additional Days to Effect Service of Third Party Demands (Doc. 78)** is DENIED.

Baton Rouge, Louisiana, this 22nd day of February, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**