UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FACTOR KING, LLC                                                    CIVIL ACTION

VERSUS

BLOCK BUILDERS, LLC, ET AL.                      NO.:14-00587-BAJ-RLB

ORDER

On February 29, 2016, and March 1, 2016, the Court issued a Ruling and

Order (Doc. 82) and a Judgment (Doc. 83), respectively, in the above captioned

matter. The Court entered judgment in favor of Plaintiff, Factor King, LLC, in the

amount of $25,702.47, plus pre-judgment judicial interest. (Doc. 83). Subsequently,

each party moved to alter or amend the judgment pursuant to Federal Rule of Civil

Procedure ("Rule") 59. (Docs. 85, 86). On June 24, 2016, the Court denied the Rule

59 motions. (Doc. 87). Plaintiff appealed this matter to the United States Court of

Appeals for the Fifth Circuit on July 22, 2016. (Doc. 88).

On July 28, 2016, six days after Plaintiff filed the appeal, Plaintiff and

Defendants, Block Builders, LLC and Vintala Perkins Road Owner, LLC, filed a

**Joint Motion for the Court to Accept Settlement Agreement and to Vacate

the Judgment and the Order on the Parties' Motions for Reconsideration

(Doc. 91)**. In the motion, the parties briefly request that the Court vacate its prior

rulings pursuant to the parties' independent settlement agreement. Thereafter, the

parties filed an **Amended Joint Motion for the Court to Accept Settlement

Agreement and to Vacate the Judgment and the Order on the Parties'

Motions for Reconsideration (Doc. 92)**.

In the amended motion, the parties contend that their settlement agreement is predicated on the Court vacating its prior rulings. (Doc. 92 at p. 1). The parties claim that they were close to concluding settlement negotiations when Plaintiff filed the appeal. (*Id*.). Because jurisdiction is currently before the Fifth Circuit, the parties request that the Court issue an indicative ruling, pursuant to Rule 62.1, stating its inclination to accept the settlement agreement and vacate the rulings. (*Id*. at p. 2).

When a case is pending on appeal, Rule 62.1 permits district courts to issue an indicative rulings on a motion it lacks jurisdiction to grant. Fed. R. Civ. P. 62.1(a). In an indicative ruling, a district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id*. If a district court issues an indicative ruling stating that it would grant a motion or that a motion raises a substantial issue, the court of appeals may remand for further proceedings. Fed. R. App. P. 12.1(b).

Here, the Court finds that the motions *sub judice* are without merit. The sole justification for vacating the Court's prior rulings is that the parties entered into an independent settlement agreement that is predicated on vacatur. However, vacatur is "an 'extraordinary' and equitable remedy," *Staley v. Harris Cty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007), and "mootness by reason of settlement does not justify vacatur of a judgment under review," *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). The mere fact that a settlement agreement provides

2

for vacatur is not an exceptional circumstance warranting vacatur. *U.S. Bancorp Mortgage Co.*, 513 U.S. at 29. It is the prerogative of the parties to enter into a settlement agreement, and to do so at any stage during the pendency of a lawsuit. However, the parties' independent settlement agreement cannot dictate the Court's actions.

Accordingly,

**IT IS ORDERED** that, pursuant to Rule 62.1, the **Joint Motion for Court to Accept Settlement Agreement and to Vacate Judgment and Order the Parties' Motions for Reconsideration (Doc. 91)** and the **Amended Joint Motion for Court to Accept Settlement Agreement and to Vacate Judgment and Order the Parties' Motions for Reconsideration (Doc. 92)** are **DENIED**.

Baton Rouge, Louisiana, this *14th* day of September, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3